# COPY

FILED

1  LYNNE C. HERMLE (STATE BAR NO. 99779)
2  JESSICA R. PERRY (STATE BAR NO. 209321)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
3  1000 Marsh Road
   Menlo Park, CA 94025
4  Telephone:  650-614-7400
   Facsimile:  650-614-7401
5  lchermle@orrick.com
   jperry@orrick.com

6  Attorneys for Defendant
7  BURLINGTON COAT FACTORY WAREHOUSE
   CORPORATION

2009 NOV -4  AM 11: 05

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

8

9          UNITED STATES DISTRICT COURT

10         CENTRAL DISTRICT OF CALIFORNIA

FAXED

11

12  MAY VANG, and
    all others similarly situated,

13              Plaintiffs,

14         v.

15  BURLINGTON COAT FACTORY
    WAREHOUSE CORPORATION, a
16  New Jersey corporation; and DOES 1-
    50, inclusive,

17

18              Defendants.

CV09.  08061  RSWL (JCx)

CASE NO.

**NOTICE OF REMOVAL TO
FEDERAL COURT**

19

20

21

22

23

24

25

26

27

28

OHS West:260734502.1                    1                    NOTICE OF REMOVAL TO FEDERAL COURT

TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant Burlington Coat Factory Warehouse Corporation hereby removes the above-captioned action to this Court, based on the following facts:

## I.   BACKGROUND

1.   On September 17, 2009, plaintiff May Vang ("Plaintiff") commenced an action in the Superior Court of the State of California in and for the County of Los Angeles, Central District ("Superior Court"), entitled "May Vang, and all others similarly situated, Plaintiffs, vs. Burlington Coat Factory Warehouse Corporation, a New Jersey corporation; and DOES 1-50, inclusive, Defendants," Case No. BC421873 (the "Action").

2.   On October 5, 2009, Plaintiff served defendant Burlington Coat Factory Warehouse ("BCF") with a copy of the Summons and Complaint in this matter.  A true and correct copy of the Summons and Complaint is attached to this Notice as Exhibit A.

3.   BCF is uncertain whether any other party has been properly served with process or any other pleading in this Action.

## II.   JURISDICTION AND GROUNDS FOR REMOVAL

1.   BCF removes the Action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1131 and 29 U.S.C. § 201, *et seq.*

2.   This Court has federal question jurisdiction over the Action based on the following facts:

a.   In the First Cause of Action in the Complaint, Plaintiff asserts a claim for relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

b.   Thus, this is a civil action of which the district courts have original jurisdiction on a claim arising under the laws of the United States, which is

1    removable without regard to the citizenship or residences of the parties.  This FLSA

2    claim is a separate and independent claim subject to 28 U.S.C. § 1441(c).

3          c.      To the extent there are non-federal claims in the Action, such claims

4    are within this Court's supplemental jurisdiction, *see* 28 U.S.C. § 1367, or in the

5    alternative within the Court's jurisdiction pursuant to 28 U.S.C. § 1441(c).

6          3.      In the alternative, BCF removes the Action to this Court on the basis

7    of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).   This Court

8    has jurisdiction over the Action pursuant to CAFA based on the following facts:

9          a.      The Action is a civil class action in which the amount in controversy

10   exceeds the sum or value of $5,000,000, exclusive of interest and costs, as currently

11   pled.  *See* 28 U.S.C. § 1332(d)(2).

12         b.      The parties are diverse because BCF is a citizen of New Jersey and

13   Plaintiff is a citizen of California; or, alternatively, at least one putative class

14   member is a citizen of California.  *See* 28 U.S.C. § 1332(d)(2).

15         c.      BCF is a citizen of New Jersey because it is a corporation incorporated

16   in New Jersey with its principal place of business in New Jersey.  *See* 28 U.S.C. §

17   1332(c)(1).

18         d.      Plaintiff is a citizen of California because she is a citizen of the United

19   States and her domicile is in California.  *See Kantor v. Wellesley Galleries, Ltd.,*

20   704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity

21   purposes under federal common law a party must (1) be a citizen of the United

22   States, and (2) be domiciled in the state."); *see also* Ex. A, ¶ 2 (Complaint)

23   ("Plaintiff resides in and is employed by Defendant in the State of California . . .

24   ."). Alternatively, at least one putative class member is a citizen of California.  *See*

25   *Kantor,* 704 F.2d at 1090; *see also* Ex. A, ¶ 2 (Complaint) ("[A]ll other members of

26   the Plaintiff Class . . . are, were, or will be employed by Defendants in the United

27   States, including in the State of California, during the relevant statutory time

28   period.").

e.     The Action does not fall within any of the removal exceptions.  There is no indication that greater than one-third of the putative class members are citizens of California, and thus the exceptions of 28 U.S.C. §§ 1332(d)(3) and 1332(d)(4) do not apply.  Furthermore, this Action does not involve, or "solely involve[ ]," any of the securities or corporate governance-related claims specified in 28 U.S.C. §§ 1332(d)(9) or 1453(d), and thus the Action does not fall within any of the removal exceptions articulated in those subsections.  In addition, the primary defendant in this Action, BCF, is not a State, State official or other governmental entity, and thus the exception of 28 U.S.C. § 1332(d)(5)(A) does not apply.  Moreover, as pled, the number of putative class members in the aggregate exceeds 100, and thus the exception of 28 U.S.C. § 1332(d)(5)(B) does not apply.

4.     The removal is timely under 28 U.S.C. § 1446(b) because this Notice is filed within 30 days after service of a copy of the Complaint.

5.     Venue lies in this Court because the Action was filed in this district.

6.     This Court therefore has original jurisdiction over this Action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, 28 U.S.C. § 1441(c) and 29 U.S.C. § 201 *et seq.*, or, alternatively, 28 U.S.C. § 1332(d)(2); and this Action may be removed to this Court pursuant to 28 U.S.C. § 1441(a), (b) and (c).

Dated:     November 4, 2009          LYNNE C. HERMLE
                                     JESSICA R. PERRY
                                     Orrick, Herrington & Sutcliffe LLP


                                     _____
                                     JESSICA R. PERRY
                                     Attorneys for Defendant
                                     BURLINGTON COAT FACTORY
                                     WAREHOUSE CORPORATION

# EXHIBIT A

SUM-100

**SUMMONS**
*(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, a
New Jersey corporation; and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MAY VANG, and all others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 17 2009

John A. Clarke, Executive Officer/Clerk

By _____ , Deputy
RUGENA LOPEZ

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC421873** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Spivak, 9454 Wilshire Blvd, Ste. 303, Beverly Hills, CA 90212, (310) 499-4730

| | | | |
|---|---|---|---|
| DATE: SEP 17 2009<br>*(Fecha)* | Clerk, by JOHN A. CLARKE<br>*(Secretario)* | RUGENA LOPEZ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Burlington coat factory warehouse corporation

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

American LegalNet, Inc.
www.FormsWorkflow.com

1  Shaun Setareh (SBN 204514)
2  LAW OFFICES OF SHAUN SETAREH
   9454 Wilshire Blvd, Penthouse Suite 3
3  Beverly Hills, California 90212
   Tel:    (310) 888-7771
4  Fax:    (310) 888-0109
5  setarehlaw@sbcglobal.net

6  Louis Benowitz (SBN 262300)
7  LAW OFFICE OF LOUIS BENOWITZ
   9454 Wilshire Blvd, Penthouse Suite 34
8  Beverly Hills, California 90212
   Tel:    (310) 888-7771
9  Fax:    (310) 888-0109
   louis@benowitzlaw.com
10

11 Attorneys for Plaintiffs,
   May Vang, and
12 all others similarly situated

David Spivak (SBN 179684)
THE SPIVAK LAW FIRM
9454 Wilshire Blvd, Suite 303
Beverly Hills, CA 90212
Tel:    (310) 499-4730
Fax:    (310) 499-4739
david@spivaklaw.com

**CONFORMED COPY**
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 17 2009

John A. Clarke, Executive Officer/Clerk
By_____ Deputy
RUGENA LOPEZ

13      SUPERIOR COURT OF THE STATE OF CALIFORNIA

14      FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT
                    *(UNLIMITED JURISDICTION)*
15
                                    BC 421873
16 MAY VANG, and                          Case No.
17 all others similarly situated,
                                          **CLASS ACTION COMPLAINT FOR:**
18      Plaintiffs,                       1.  Violations of the Fair Labor Standards
                                              Act;
19                                        2.  Failure to Compensate Employees for All
                                              Hours Worked;
20      vs.                               3.  Failure to Pay Overtime Compensation;
                                          4.  Unlawfully Providing Compensating
21                                            Time Off in Lieu of Overtime Pay;
22 BURLINGTON COAT FACTORY                5.  Failure to Provide Meal and Rest Periods;
   WAREHOUSE CORPORATION,                 6.  Forfeiture of Vested Vacation Benefits;
23 a New Jersey corporation;              7.  Secret Payment of Lower Wages Than
   and DOES 1-50, inclusive,                  Required by Statute and/or Contract;
24                                        8.  Failure to Provide Accurate, Written
25      Defendants.                           Wage Statements;
                                          9.  Unfair Competition; and
26                                        10. Civil Penalties.
27
                                          **JURY TRIAL DEMANDED**
28

                                    1

*Vang v. Burlington Coat Factory*                    *Class Action Complaint*

On behalf of herself and all others similarly situated, plaintiff MAY VANG ("Plaintiff")
brings this action against defendants BURLINGTON COAT FACTORY WAREHOUSE
CORPORATION, and DOES 1-50, inclusive (collectively "Defendants") for violations of the
Fair Labor Standards Act, California Labor Code, and California Business and Professions
Code, and as grounds therefore alleges:

## INTRODUCTION

1.      Plaintiff contends that Defendants failed to provide her and other similarly
situated persons with legally required compensation for all hours worked, including overtime
hours, failed to provide them with meal and rest periods, failed to compensate them for missed
meal and rest periods, failed to compensate them for forfeited paid vacation benefits, secretly
paid them lower wages than required by contract and/or provided them with inaccurate wage
statements. As a result of Defendants' wrongful acts, Plaintiff now seeks restitution, damages,
and civil penalties on behalf of herself and all others similarly situated.

## PARTIES

2.      Plaintiff resides in and is employed by Defendants in the State of California.
Plaintiff and all other members of the Plaintiff Class as defined below are, were, or will be
employed by Defendants in the United States, including in the State of California, during the
relevant statutory time period.

3.      Plaintiff brings her claims on behalf of a class ("Plaintiff Class"), which consists
of all current, former, and future employees of Defendants in the United States during the
relevant statutory time period.  Members of the Plaintiff Class were not compensated in the
amounts required by the Fair Labor Standards Act, the California Labor Code, and the
regulations promulgated pursuant thereto.

4.      Members of the Plaintiff Class were misclassified as non-exempt employees, not
compensated for all hours worked, including overtime hours, unlawfully given compensating
time off in lieu of overtime pay, not provided with all legally required meal and rest periods, not
compensated for missed meal and rest periods, caused to forfeit vested paid vacation benefits
without receiving compensation, secretly paid lower wages than required by contract and/or

2

statute, and/or not provided with accurate wage statements. Defendants' failures to compensate the Plaintiff Class as required and to provide them with required breaks (or compensation for missed breaks) is and was the result of unlawful policies and practices that are and have been commonly applied to members of the Plaintiff Class.

5. Plaintiff also brings this action on behalf of herself, the general public, and all others similarly situated pursuant to California Business and Professions Code §§ 17200, *et seq.*

6. Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION is a corporation organized under the laws of the State of New Jersey. Burlington is a retail merchandiser with store locations throughout the State of California.

7. Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as DOES 1 through 50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the complaint to allege the true names and capacities of the DOE defendants when ascertained.

8. Plaintiff is informed and believes and thereon alleges that each defendant acted in all respects pertinent to the action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to each of the other defendants.

## FACTUAL ALLEGATIONS

9. Throughout the relevant statutory period, Plaintiff and other members of the Plaintiff Class are and/or were employees of Defendants and residents of the United States, including the State of California entitled to the protections afforded by the Fair Labor Standards Act, the California Labor Code, and Industrial Welfare Commission Orders.

10. At relevant times, Defendants underpaid wages to Plaintiff and other members of the Plaintiff Class by not compensating them for all hours worked, including overtime hours, unlawfully providing them with compensating time off in lieu of overtime pay, failing to provide them with all legally required meal and rest periods, failing to compensate them for

3

forfeited vested paid vacation benefits, secretly paying them lower wages than required by contract and/or statute, and/or not providing them with accurate written wage statements.

11. The underpayment of wages to Plaintiff and the Plaintiff Class is a consequence of Defendants' unlawful compensation policies and practices which were centrally devised, implemented, communicated, and applied to members of the Plaintiff Class. These unlawful compensation practices include, but are not limited to, the following:

A. Misclassifying Assistant Store Managers and Store Managers as exempt employees notwithstanding that they are, were, or have been non-exempt employees pursuant to Industrial Welfare Commission Order No. 7-2001 §§ 1(A)(1)-(2) because primarily engaged in non-exempt job duties;

B. Failing to pay legally required compensation for all hours worked;

C. Failing to pay all legally required overtime compensation;

D. Failing to provide all legally required meal and rest periods;

E. Failing to provide required legally required compensation for missed meal and rest periods;

F. Failing to provide legally required compensation for forfeited vested paid vacation benefits;

G. Failing to keep legally required records, including but not limited to accurate records of hours worked;

H. Failing to provide accurate wage statements; and

I. Other violations of the Fair Labor Standards Act, California Labor Code, and Industrial Welfare Commission Orders according to proof.

12. As a result of Defendants' unlawful conduct, Plaintiff and the Plaintiff Class have been and continue to be systematically deprived of the wages to which they are entitled by law to the detriment of themselves, their families, and to the public at large.

13. Plaintiff alleges that, at all times material herein, Defendants have been aware of both the Federal and California laws governing employee compensation and have nevertheless engaged in widespread and flagrant violations of these laws. Plaintiff is informed, believes, and

4

thereon alleges that Defendants' company policies, practices, and payroll records will reveal that members of the Plaintiff Class have been routinely paid for fewer hours than they actually worked, including overtime hours, have unlawfully been provided with compensating time off in lieu of overtime pay, have been denied meal and rest periods without being compensated, have been caused to forfeit vested paid vacation benefits without being compensated, secretly paid lower wages than required by contract and/or statute, and/or been provided with inaccurate wage statements.

## CLASS ALLEGATIONS

14.    <u>Proposed Class and Nature of the Class Claims</u>: The individual Plaintiff, as Class Representative, brings this action on her own behalf and on behalf of a class comprised of all current, former, and future employees of Defendants during the relevant statutory periods.

15.    <u>Numerosity</u>: The size of the Plaintiff Class makes a class action both necessary and efficient. On information and belief, Plaintiff estimates that the Plaintiff Class consists of at least hundreds of current and former employees, and an indefinite number of future employees. Members of the Plaintiff Class are ascertainable but so numerous that joinder is impracticable. The Plaintiff Class includes future class members whose joinder is inherently impossible.

16.    <u>Typicality</u>: The claims of the Class Representative are typical of the claims of the class as a whole. The Class Representative has been employed by Defendants during the relevant statutory period. The Class Representative has been underpaid, and continues to be underpaid, because of Defendants' unlawful employment policies and practices. The unlawful policies and practices which have operated to deny the Class Representative wages, penalties, meal and rest periods, and other compensation, benefits, and protections required by law are typical of the unlawful practices which have and will continue to operate to deny other members of the Plaintiff Class the compensation and benefits to which they are entitled.

17.    <u>Common Questions of Law and Fact</u>: This case poses common questions of law and fact affecting the rights of all members of the Plaintiff Class, including but not limited to:

    A.    Did class members primarily engage in non-exempt work?

    B.    Did Defendants misclassify class members as exempt employees?

5

C. Did class members work in excess of eight (8) hours in one day?

D. Did class members work in excess of twelve (12) hours in one day?

E. Did class members work in excess of forty (40) hours in one week?

F. Are Defendants liable to class members for overtime compensation?

G. Did Defendants provide class members with "Management Recognition Days" in lieu of overtime pay?

H. Does Defendants' "Management Recognition Days" policy, as applied to class members, violate California Labor Code §§ 204.3 and 510?

I. Did Defendants cause class members to forfeit vested paid vacation benefits without providing compensation?

J. Did Defendants maintain policies or practices which failed to provide all legally required meal and/or rest periods to class members?

K. Did Defendants secretly pay class members lower wages than required by statute?

L. Did Defendants provide class members with inaccurate written wage statements?

M. Did Defendants violate California Business & Professions Code §§ 17200 *et seq.* by their unlawful practices as alleged herein?

N. Are class members entitled to civil penalties?

O. Are class members entitled to prejudgment interest?

P. Are class members entitled to attorneys' fees?

18. <u>Adequacy of Class Representation</u>: The Class Representative can adequately and fairly represent the interests of the Plaintiff Class defined above because her individual interests are consistent with, and not antagonistic to, the interests of the class.

19. <u>Adequacy of Counsel for the Class</u>: Counsel for Plaintiff possess the requisite resources and ability to prosecute this case as a class action and are experienced labor and employment attorneys who have successfully litigated other cases involving similar issues.

//

20.  <u>Propriety of Class Action Mechanism</u>:  A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## ALLEGATIONS OF THE CLASS REPRESENTATIVE

21.  <u>May Vang</u>.  May Vang has worked for Defendants since 1999 at locations in the United States both inside and outside of California.  During her employment with Defendants, she has held the positions of Loss Prevention Associate, Linens Manager, Operations Manager, Customer Service Manager, and Assistant Store Manager (Operations). Based on her actual job duties, Ms. Vang has been a non-exempt employee even though she has been misclassified as an exempt employee during her employment as an Assistant Store Manager (Operations). During her employment with Defendants, she has not been compensated for all hours worked, including overtime hours, has been unlawfully provided with compensating time off in lieu of overtime pay, has not been provided with all legally required meal and rest periods, has been caused to forfeit vested paid vacation benefits without receiving compensation, and has not been provided with accurate wage statements.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

## (28 U.S.C. §§ 201, *et seq.*)

22.  Plaintiff incorporates paragraphs 1 through 21 of this complaint as if fully alleged herein.

7

23. The Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq*, applies to employees in industries engaged in interstate commerce. *See* 29 U.S.C. § 202(a). Because Plaintiff and the other members of the Plaintiff Class work in the mercantile industry, they are entitled to the protections of the FLSA. *See* 29 U.S.C. § 203(b); 29 C.F.R. § 776.10(a).

24. The FLSA requires employers subject to the Act to compensate employees for all hours worked and for hours worked in excess of forty (40) hours in one week at one and one-half their respective regular rates of pay. 29 U.S.C. § 207(a)(1).

25. Defendants have regularly failed to compensate Plaintiff for all hours worked, including hours in excess of forty (40) hours in one (1) week. Plaintiff is informed and believes and thereon alleges that, at all relevant times within the applicable three-year limitations period set forth under 29 U.S.C. § 255, Defendants have willfully maintained a policy or practice of failing to compensate members of the Plaintiff Class for all hours worked, including hours worked in excess of forty (40) hours in one (1) week.

26. Because Plaintiff has been subject to the same allegedly unlawful policies and/or practices of Defendants as other class members, Plaintiff is entitled to bring this action on behalf of herself and other members of the Plaintiff Class.

27. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks monetary damages on behalf of himself and the other class members for all hours worked for which they have not been compensated, including hours worked in excess of forty (40) hours in one week at one and one-half-times the respective regular rates of pay for each class member, in amounts subject to proof, liquidated damages, as well as reasonable attorney's fees and costs of suit resulting from Defendants' willful failure to comply with the FLSA.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE COMPENSATION FOR ALL HOURS WORKED

### (Cal. Lab. Code § 204)

28. Plaintiff incorporates paragraphs 1 through 27 of the Complaint as if fully alleged herein.

//

8

29. At all relevant times, Plaintiff and the other members of the Plaintiff Class have been entitled to the benefits and protections of California Labor Code § 204, including compensation for off-the-clock work that Defendants either knew or should have known that they were performing.

30. During a typical week while employed by Defendants, Plaintiff has worked more than eight (8) hours on any given day, more than five (5) days per week, and more than forty (40) hours in the aggregate without compensating her for all hours worked.

31. Defendants either knew or should have known that Plaintiff worked more than eight (8) hours on any given day, more than five (5) days per week, and more than forty (40) hours in the aggregate, because Defendants are responsible for her work assignments and have records of her working hours. Plaintiff is informed and believes and thereon alleges that Defendants have maintained a company policy or practice of not compensating class members for all hours worked.

32. As a result of Defendants' unlawful conduct, both Plaintiff and the other class members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period in which were not compensated for all hours worked.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION

#### (Cal. Lab. Code § 510)

33. Plaintiff incorporates paragraphs 1 through 32 of the Complaint as if fully alleged herein.

34. California Labor Code § 510(a) requires employers to compensate employees at one and one-half times their regular rates of pay for all hours worked in excess of eight (8) hours in one day and forty (40) hours in one week. It also requires employers to compensate employees at two times their regular rates of pay for all hours worked in excess of twelve (12) hours in one day.

//

9

35. By requiring or otherwise permitting Plaintiff to work in excess of eight (8) hours in one day and forty (40) hours in one week without providing them with premium overtime compensation, including for hours in excess of twelve (12) hours on some days, Defendants violated California Labor Code § 510(a). Plaintiff is informed and believes and thereon alleges that Defendants have maintained a policy or practice of willfully requiring or otherwise permitting such unpaid overtime work of members of the Plaintiff Class.

36. As a result of Defendants' conduct, Plaintiff on behalf of herself and the other class members seeks compensation for all overtime hours worked for the relevant time periods set forth herein as well as interest thereon, costs and reasonable attorney's fees pursuant to California Labor Code § 1194(a).

## FOURTH CAUSE OF ACTION

### UNLAWFULLY PROVIDING COMPENSATING TIME OFF
### IN LIEU OF OVERTIME PAY

#### (Cal. Lab. Code §§ 204.3 and 510)

37. Plaintiff incorporates paragraphs 1 through 36 of the Complaint as if fully alleged herein.

38. California Labor Code § 204.3 only permits employers to provide compensating time off in lieu of overtime pay under very specific conditions. The applicable conditions here are as follows:

A. The employer and employee must enter into a written agreement before the employee performs the overtime work;

B. The employee must request, in writing, compensating time off in lieu of overtime pay;

C. The employer must provide the the employee with one and one-half hours of compensating time off for each overtime hour worked; and,

D. The employer must make the compensating time off payable in cash upon the request of the employee.

//

10

39.     During her employment with Defendants, Plaintiff has received compensating time off pursuant to Defendants' written company policy. Plaintiff is informed and believes and thereon alleges that Defendants have a practice or policy of providing other members of the Plaintiff Class who have been misclassified as exempt employees with compensating time off in lieu of overtime pay in the form of "Management Recognition Days."

40.     Pursuant to a written company policy, Defendants provided Plaintiff and the other misclassified class members with one "Management Recognition Day" for working a six-day week during the period between Thanksgiving and the end of December. To qualify for "Management Recognition Days", Plaintiff and the other class members must work a minimum of 8 hours per day and six days per week during the payroll period. In addition, Plaintiff and the other class members only receive credit for up to five (5) "Management Recognition Days" during this period. Moreover, the company policy expressly states, "**At no time will [an employee] be reimbursed for unused Management Recognition Days**" (emphasis in original).

41.     These days, regardless of label, are compensating time off for overtime work that do not meet the requirements set forth in California Labor Code § 204.3 and thus do not comply with the requirements for overtime pay set forth in California Labor Code § 510. Among other things, Defendants offer these days to Plaintiff and the other class members as compensation for overtime work at less than one and one-half hours compensating time for each overtime hour worked, does not give them any choice over receiving overtime pay instead, does not obtain written consent from its employees for this arrangement, and makes them subject to a "use it or lose it policy."

42.     As a result of Defendants' unlawful conduct, both Plaintiff and the other class members who have been misclassified as exempt employees have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of overtime wages earned and instead received "Management Recognition Days" in lieu of overtime compensation during the applicable limitations period.

//

11

## FIFTH CAUSE OF ACTION

### FORFEITURE OF VACATION PAY

### (California Labor Code § 227.3)

43. Plaintiff incorporates paragraphs 1 through 42 of the Complaint as if fully alleged herein.

44. During the applicable limitations period, Defendants caused Plaintiff to forfeit vested paid vacation benefits including "Vacation Time with Pay," "Personal Holidays," and "Management Recognition Days," without providing monetary compensation for them based on her regular rate of pay in effect at that time. Plaintiff is informed and believes and thereon alleges that Defendants have maintained policies or practices of causing members of the **Vacation Pay Class** to forfeit vested paid vacation benefits including "Vacation Time with Pay," "Personal Holidays," and "Management Recognition Days," without compensating them for forfeited days based on their rates of regular rates pay in effect at the time of forfeiture.

45. As a result of the above, Plaintiff seeks damages and restitution on behalf of both herself and the other class members for the forfeited vested paid vacation benefits in amounts subject to proof.

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL AND REST PERIODS

### (Cal. Lab. Code §§ 226.7 and 512)

46. Plaintiff incorporates paragraphs 1 through 45 of the Complaint as if fully alleged herein.

47. At all relevant times, Plaintiff and other members of the Plaintiff Class have been employees of Defendants covered by California Labor Code §§ 226.7 and 512, and Industrial Welfare Commission Order No. 7-2001.

48. Pursuant to California Labor Code §§ 512 and 226.7 and Industrial Welfare Commission No. 7-2001, Plaintiff and the other class members were entitled to rest periods of a least ten (10) minutes for each four (4) hour period of work, uninterrupted meal periods of at least thirty (30) minutes for each workday they worked more than five (5) hours, and second

12

uninterrupted meal periods of at least thirty (30) minutes for each workday they worked more than ten (10) hours.

49.    Defendants failed to provide Plaintiff with all legally required meal and/or rest periods in accordance with California Labor Code §§ 226.7 and 510 and Industrial Welfare Commission Order 7-2001. Plaintiff is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, Defendants maintained a policy or practice of not providing class members with all legally required meal and/or rest periods, including additional required meal and/or rest periods on days on which class members worked in excess of ten (10) hours.

50.    Defendants failed to pay Plaintiff and the other class members the additional hour of pay required by California Labor Code § 226.7 and Wage Order 4-2001 for missed meal and/or rest periods. Plaintiff is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, Defendants maintained a policy or practice of not paying additional compensation to class members for missed meal and/or rest periods.

51.    As a result of Defendants' unlawful conduct, Plaintiff and other class members have suffered damages in an amount, subject to proof, to the extent they were not paid additional compensation owed for missed rest periods.

**SEVENTH CAUSE OF ACTION**

**SECRETLY PAYING LOWER WAGES THAN**

**REQUIRED BY CONTRACT AND/OR STATUTE**

**(Cal. Lab. Code § 223)**

52.    Plaintiff incorporates paragraphs 1 through 51 of the Complaint as if fully alleged herein.

53.    California Labor Code § 223 states in relevant part, "Where any statute . . . requires an employer to maintain a designated wage scale, it shall be unlawful to secretly page a lower wage while purporting to pay the wage designated by statute."

54.    During her employment with Defendants, Defendants have secretly paid Plaintiff lower wages than required by statute while purporting to pay her legal wages by misclassifying

13

10/05/2009  3:15PM

her as an exempt employee, paying her for fewer hours than she actually worked, not paying her overtime rates for overtime hours worked, providing her with "Management Recognition Days" in lieu of overtime pay, not compensating her for forfeited vested paid vacation benefits at her regular rates of pay in effect at those times, and not compensating her for missed meal and rest periods. Plaintiff is informed and believes and thereon alleges that, at all relevant times during the limitations period, Defendants have maintained a policy or practice of purporting to pay members of the Plaintiff Class pursuant to the wage scales set forth in the California Labor Code. However, Plaintiff is also informed and believes and thereon alleges that Defendants have in fact secretly paid class members lower wages than required by statute by misclassifying them as exempt employees, paying them for fewer hours than they actually worked, not paying them overtime rates for all overtime hours worked, providing them with "Management Recognition Days" in lieu of overtime pay, not compensating them for forfeited vested paid vacation benefits at her regular rates of pay in effect at those times, and/or not compensating them for missed meal and/or rest periods.

55.    By reason of the above, Plaintiff and the other class members are entitled to restitution for all unpaid amounts due and owing to within four years of the date of the filing of the complaint until the date of entry of judgment. Further, Plaintiff on behalf of herself and the other class members seeks interest thereon pursuant to California Labor Code § 218.6, costs pursuant to reasonable attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE, WRITTEN WAGE STATEMENTS

### (California Labor Code § 226)

56.    Plaintiff incorporates paragraphs 1 through 55 of the Complaint as if fully alleged herein.

57.    At all relevant times, Plaintiff and other members of the Plaintiff Class have been employees of Defendants entitled to the benefits and protections of California Labor Code § 226. Pursuant to California Labor Code § 226(a), Plaintiff and the other class members were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized

14

statement showing: a) gross wages earned; b) net wages earned; c) all applicable hourly rates in effect during the pay period; and d) the corresponding number of hours worked at each hourly rate by the employee.

58. Defendants failed to provide Plaintiff accurate itemized statements in accordance with California Labor Code § 226(a) because Plaintiff's wage statements did not, among other things, accurately reflect all of the hours that actually worked and the appropriate corresponding rates of pay for all hours worked. Plaintiff is informed and believes and thereon alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing class members with wage statements accurately reflecting the number of hours actually worked by class member and the corresponding rates of pay.

59. Defendants' failure to provide Plaintiff and the other class members with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the other class members with accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate.

60. As a result of Defendants' unlawful conduct, Plaintiff and the other class members have suffered injury. Their legal rights to receive accurate wage statements were violated and they were misled about the amount of wages they had actually earned and were owed. In addition, the absence of accurate information on their wage statements prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

61. Pursuant to California Labor Code § 226(e), Plaintiff and the other class members are entitled to recover fifty dollars for the initial pay period in which a violation of California Labor Code § 226(a) occurred and one hundred dollars for each violation of California Labor Code § 226(a) in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per class member, and are entitled to an award of costs and reasonable

15

attorney's fees.

## NINTH CAUSE OF ACTION

### UNFAIR COMPETITION

**(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

62.     Plaintiff incorporates paragraphs 1 through 61 of the Complaint as if fully alleged herein.

63.     The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of California Business & Professions Code § 17200. Due to its unfair and unlawful business practices in violation of the California Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations to compensate employees for all earned wages.

64.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and the other members of the Plaintiff Class have suffered injury in fact and lost money or property. Plaintiff and the other class members were not paid for all hours worked, not paid overtime wages for overtime hours worked, unlawfully provided "Management Recognition Days" in lieu of overtime pay, were caused to forfeit vested paid vacation benefits without compensation, were not provided with legally required meal and/or rest periods, were secretly paid lower wage rates than required by statute, and/or were provided with inaccurate wage statements. Pursuant to California Business & Professions Code § 17203, Plaintiff and the other class members are entitled to restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

65.     Plaintiff and the other class members are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

//

//

//

16

10/05/2009   3:15PM

## TENTH CAUSE OF ACTION

### CIVIL PENALTIES

### (California Labor Code §§ 2698, *et seq.*)

66.     Plaintiff incorporates paragraphs 1 through 65 of the Complaint as if fully alleged herein.

67.     During the applicable time period, Defendants violated California Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, and 1194.

68.     California Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of herself and other current or former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in California Labor Code § 2699.3.

69.     Pursuant to California Labor Code §§ 2699(a) and (f), Plaintiff and other members of the Plaintiff Class are entitled to recover civil penalties for Defendants' violations of California Labor Code §§ 200, 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, and 1194 during the applicable limitations period in the following amounts:

        A.     For violations of California Labor Code §§ 200, 201, 202, 203, 226.7, 227.3, and 1194, one hundred dollars ($100.00) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation (penalty amounts established by California Labor Code § 2699(f)(2));

        B.     For violations of California Labor Code § 204, one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two hundred dollars ($200.00) for each aggrieved employee plus twenty-five percent (25%) of the amount unlawfully withheld from each aggrieved employee for each subsequent, willful or intentional violation (penalty amounts established by California Labor Code § 210);

        C.     For violations of California Labor Code § 223, one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two

17

hundred dollars ($200.00) for each aggrieved employee plus twenty-five percent (25%) of the amount unlawfully withheld from each aggrieved employee for each subsequent, willful or intentional violation (penalty amounts established by California Labor Code § 225.5);

D.  For violations of California Labor Code § 226(a), fifty dollars ($50.00) for the initial pay period in which a violation of California Labor Code § 226(a) occurred and one hundred dollars ($100.00) for each violation of California Labor Code § 226(a) in a subsequent pay period, up to an aggregate penalty of four thousand dollars ($4,000.00) per class member, plus an award of costs and reasonable attorney's fees (penalty amounts established by California Labor Code § 226(e)).

E.  For violations of California Labor Code § 226(a), two hundred fifty dollars ($250.00) per employee for initial violation and one thousand dollars ($1,000.00) per employee for each subsequent violation (penalty amounts established by California Labor Code § 226.3); and,

F.  For violations of California Labor Code §§ 510 and 512, fifty dollars ($50.00) for each aggrieved employee for each initial violation for pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages and one hundred dollars ($100.00) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages (penalty amounts established by California Labor Code § 558).

70.  Plaintiff is currently in the process of complying with the procedures for bringing suit specified in California Labor Code § 2699.3. By letter dated September 11, 2009, Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Plaintiff anticipates that the LWDA will express its intent not to investigate the alleged violations and

1  that full compliance with the requirements of California Labor Code § 2699.3 will be achieved

2  by the time of final judgment in this action.

3       71.    Pursuant to California Labor Code § 2699(g), Plaintiff and the other class

4  members are entitled to an award of reasonable attorney's fees and costs in connection with

5  their claims for civil penalties.

6  //

7  //

8  //

9  //

10  //

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

19

*Vang v. Burlington Coat Factory*                              *Class Action Complaint*

## **PRAYER FOR RELIEF**

1. WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

      A.    An order that the action be certified as a class action;

      B.    An order that Plaintiff be appointed class representative;

      C.    An order that counsel for Plaintiff be appointed class counsel;

      D.    Damages;

      E.    Restitution;

      F.    Civil penalties;

      G.    Statutory penalties;

      H.    Pre-judgment interest;

      I.    Costs of suit;

      J.    Reasonable attorney's fees; and

      K.    Such other relief as the Court deems just and proper.

Dated: September 15, 2009

LAW OFFICES OF SHAUN SETAREH        THE SPIVAK LAW FIRM

By: _____      By: _____
    Shaun Setareh                    David Spivak

LAW OFFICES OF LOUIS BENOWITZ

By: _____      Attorneys for Plaintiffs,
    Louis Benowitz                May Vang and
                                  all others similarly situated