

1  Shaun Setareh (SBN 204514)
2       setarehlaw@sbcglobal.net
3  LAW OFFICES OF SHAUN SETAREH
   9454 Wilshire Blvd, Penthouse Suite 3
4  Beverly Hills, California  90212
5  Tel:   (310) 888-7771
6  Fax:   (310) 888-0109

ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT

NOV 17 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

7  (Additional Counsel on Next Page)

8  Attorneys for Plaintiffs,
9  MAY VANG, and all others similarly situated

RECEIVED BUT NOT FILED
NOV 17 2009
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

10
              UNITED STATES DISTRICT COURT
11
12  CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

13  MAY VANG, and all others similarly        Case No. 09-CV-08061-CAS (JCx)
14  situated,
                                              **CLASS ACTION** (FRCP 23)
15
16       Plaintiffs,
                                              **FIRST AMENDED COMPLAINT**
17       vs.                                  **FOR DAMAGES, RESTITUTION,**
                                              **INJUNCTIVE RELIEF, AND**
18  BURLINGTON COAT FACTORY                   **CIVIL PENALTIES FOR**
    WAREHOUSE CORPORATION, a                  **VIOLATIONS OF THE FAIR**
19  New Jersey corporation;                   **LABOR STANDARDS ACT,**
    BURLINGTON COAT FACTORY                   **CALIFORNIA LABOR CODE,**
20  OF CALIFORNIA, LLC, a California          **AND CALIFORNIA BUSINESS**
21  limited liability company; and DOES 1     **AND PROFESSIONS CODE**
    through 10, inclusive,
22
23       Defendants.                          **JURY TRIAL DEMANDED**

24
25
26
27
28

                                      1

Vang v. Burlington Coat Factory                    First Amended Complaint

**Co-Counsel for Plaintiffs**

David Spivak (SBN 179684)
        david@spivaklaw.com
THE SPIVAK LAW FIRM
9454 Wilshire Blvd, Suite 303
Beverly Hills, California  90212
Tel:    (310) 499-4730
Fax:   (310) 499-4739

Louis Benowitz (SBN 262300)
        louis@benowitzlaw.com
LAW OFFICES OF LOUIS BENOWITZ
9454 Wilshire Blvd, Penthouse Suite 34
Beverly Hills, California  90212
Tel:    (310) 888-7771
Fax:   (310) 888-0109

2

*Vang v. Burlington Coat Factory*                          *First Amended Complaint*

On behalf of both herself and all other persons similarly situated, plaintiff MAY VANG ("Plaintiff") brings this action against defendants BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, BURLINGTON COAT FACTORY OF CALIFORNIA, LLC, and the other defendants, (collectively "Defendants") for violations of the federal Fair Labor Standards Act ("FLSA"), the California Labor Code, and the California Business and Professions Code, and as grounds therefore alleges:

## INTRODUCTION

1. This action arises out of the allegedly unlawful labor practices of Defendants throughout the United States and California. Through this class and collective action, Plaintiff seeks to represent the below-defined classes and subclasses of persons who Defendants have misclassified as exempt employees under applicable labor laws and/or against whom Defendants have allegedly committed other labor law violations including, but not limited to, wage underpayments and wage forfeitures. As a result of the allegedly unlawful labor conduct described herein, Plaintiff now seeks declaratory and injunctive relief, damages, restitution, penalties, and other proper relief on behalf of herself and other similarly situated persons.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367(a). Specifically, this action presents claims under the federal Fair Labor Standards Act and related claims under the California Labor Code and California Business and Professions Code that form part of the same case or controversy under Article III, section 2 of the U.S. Constitution.

3. Venue is proper under 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this judicial district and the conduct described herein occurred in whole or in part in this judicial district as directed toward both Plaintiff and other members of the below-described classes.

## PARTIES AND CONDUCT

### A.    Plaintiff and Class Members

4.    Plaintiff MAY VANG is an individual who resides and is employed by Defendants in this judicial district. During the applicable limitations periods, Plaintiff has been employed as an Assistant Store Manager, a position that she alleges Defendants have improperly classified as exempt from the overtime requirements of the FLSA and the California Labor Code, and in other positions properly classified as non-exempt from the overtime requirements of the FLSA and the California Labor Code.

5.    At relevant times during the applicable limitations periods, Plaintiff alleges that Defendants have misclassified her and other similarly situated persons as exempt employees in violation of the FLSA and/or the California Labor Code based on the nature of their salary arrangements and/or job duties, failed to compensate them for all of the hours that they have worked as improperly classified exempt employees, failed to compensate them for all of the overtime hours that they have worked at overtime rates as both improperly classified exempt employees and properly classified non-exempt employees, unlawfully provided them with compensating time off in lieu of overtime pay in the form of "Management Recognition Days" as improperly classified exempt employees, failed to provide them with all required rest and meal periods as improperly classified exempt employees and/or properly classified non-exempt employees, failed to pay them additional required wages for rest and meal periods that have not been provided to them as improperly classified exempt employees and/or properly classified non-exempt employees, caused them to forfeit vested vacation pay, including, but not limited to, "Personal Holidays" and/or "Management Recognition Days," secretly paid them lower wages than required by statute and/or contract while purporting to pay them legal wages, and/or intentionally failed to provide them with accurate written wage statements.

4

**B.**     **Defendants**

6.     Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION is a corporation organized under the laws of New Jersey.

7.     Defendant BURLINGTON COAT FACTORY OF CALIFORNIA, LLC, is a limited liability company organized under the laws of California.

8.     Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as DOES 1-10, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the complaint to allege the true names and capacities of the DOE defendants when ascertained.

9.     Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other defendants.

10.     At all relevant times, in perpetrating the acts and omissions alleged herein, defendants, and each of them, acted pursuant to and in furtherance of a policy and practice of not paying Plaintiff and other members of the below-described classes in accordance with applicable California and Federal labor laws as alleged herein.

11.     Plaintiff is informed and believes and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment

and/or direction and control.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff incorporates paragraphs 1 through 11 of this Complaint as if fully alleged herein.

13.     Plaintiff seeks to represent the following classes and subclasses of current, future, and/or former employees of Defendants defined below:

> **FLSA Misclassification Class:** All persons employed by Defendants at retail store locations in the United States as Assistant Store Managers, and/or in other positions with similar job titles, descriptions and/or duties who Defendants have classified as exempt, during the period beginning three (3) years prior to the filing of this action and ending on the date that final judgment is entered in this action, excluding all persons employed by Defendants as store managers, directors and/or officers.

> **California Misclassification Class:** All persons employed by Defendants at retail store locations in California as Assistant Store Managers, and/or in other positions with similar job titles, descriptions and/or duties that Defendants have classified as exempt, during the period beginning four (4) years prior to the filing of this action and ending on the date that final judgment is entered in this action, excluding all persons employed by Defendants as store managers, directors and/or officers.

> **California Overtime Class:** All persons employed by Defendants at retail store locations in California as non-exempt employees including, but not limited to, members of the **California Misclassification Class**, who have not been paid at the legally required overtime rates for all hours worked in excess of eight (8) hours in one (1) day and/or forty (40) hours in one (1) week during the period beginning four (4) years prior to the filing of this action and ending on the date that final judgment is entered in this action, excluding all persons employed by Defendants as store managers, directors and/or officers.

6

**California CTO Class:** All persons employed by Defendants at retail store locations in California as non-exempt employees, including, but not limited to, members of the **California Misclassification Class**, who earned (1) or more "Management Recognition Days" during the period beginning four (4) years prior to the filing of this action and ending on the date that final judgment is entered in this action, excluding all persons employed by Defendants as store managers, directors and/or officers.

**California Vacation Pay Class:** All persons employed by Defendants at retail store locations in California who earned vested paid vacation days, including, but not limited to, "Personal Holidays" and/or "Management Recognition Days," without receiving compensation for each vested paid vacation day during the period beginning four (4) years prior to the filing of this action and ending on the date that final judgment is entered in this action, excluding all persons employed by Defendants as store managers, directors and/or officers.

**California Rest Periods Class:** All persons employed by Defendants at retail store locations in California as non-exempt employees, including, but not limited to, members of the **California Misclassification Class**, who were not provided with a net rest period of at least ten (10) minutes per each four (4) hour work period, or major portion thereof, during the period beginning four (4) years prior to the filing of this action and ending on the date that final judgment is entered in this action, excluding all persons employed by Defendants as store managers, directors and/or officers.

**California Meal Periods Class:** All persons employed by Defendants as non-exempt employees at retail store locations in California, including, but not limited to, members of the **California Misclassification Class**, who were not provided with uninterrupted thirty (30) minute meal periods during each work period of five (5) or more hours during the period

7

beginning four (4) years prior to the filing of this action and ending on the date that final judgment is entered in this action, excluding all persons employed by Defendants as store managers, directors, and/or officers.

**California All-Inclusive Class**: All members of the **California Misclassification Class, California Overtime Class, California CTO Subclass, California Rest Periods Class, California Meal Periods Class**, and/or **California Vacation Pay Class**.

**California Civil Penalties Class**:  All members of the **California All-Inclusive Class** employed by Defendants during the period beginning one (1) year prior to the filing of this action and ending on the date that final judgment is entered in this action.

14.    This action has been brought and may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure with respect to claims for violations of California law and as an opt-in collective action under 29 U.S.C. § 216(b) with respect to claims for violations of the FLSA.

     A.    Numerosity:  Class members are so numerous that joinder of all class members is impracticable. Plaintiff is informed and believes and thereon alleges that the number of class members exceeds the minimum number required for purposes of numerosity under both California and Federal law.

     B.    Commonality:  There are questions of law and fact common to class members. These questions include, but are not limited to:

          1)    Do Defendants' salary payment practices with respect to members of the **FLSA Misclassification Class** and the **California Misclassification Class** comply with the applicable legal requirements for exempt employees?

          2)    Do members of the **FLSA Misclassification Class** and

the **California Misclassification Class** devote a sufficient amount of their time to exempt job duties to qualify as exempt employees?

3) Do Defendants maintain policies and/or practices with respect to members of the **FLSA Misclassification Class** and the **California Misclassification Class** that systematically result in them being misclassified?

4) Have members of the **California Overtime Class** been paid at the legally required overtime rates for all hours worked in excess of eight (8) hours in one (1) day?

5) Do Defendants maintain policies or practices that systematically cause the **FLSA Overtime Class** and **California Overtime Class** not to be paid at overtime rates for all overtime hours worked?

6) Have members of the **California Rest Period Class** and **California Meal Period Class** been provided with all required rest and meal periods?

7) Do Defendants pay additional required wages to members **California Rest Period Class** and **California Meal Period Class** for rest and meal periods not provided to them?

8) Are the "Personal Holidays" and "Management Recognition Days" received by members of the **California Vacation Pay Class** subject to forfeiture?

9) Are the "Personal Holidays" and "Management Recognition Days" received by members of the **California Vacation Pay Class** a form of vacation pay?

10) Have Defendants secretly paid members of the

9

**California All-Inclusive Class** lower wages than required by statute or contract?

11) Have Defendants intentionally failed to provide members of the **California All-Inclusive Class** with accurate written wage statements?

12) Are members of the **California All-Inclusive Class** entitled to restitution for Defendants' allegedly unlawful business practices?

13) Are members of the **California Civil Penalties Class** entitled to recover civil penalties on behalf of the California Labor and Workforce Development Agency and themselves?

C. <u>Typicality</u>: The claims of Plaintiff are typical of the claims of other class members. Plaintiff has suffered the same or similar injuries as other class members based on courses of conduct which Plaintiff is informed and believes and thereon alleges have resulted from company policies and/or practices to which other class members are also subject.

D. <u>Adequacy of Class Representative</u>: Plaintiff will fairly and adequately represent the interests of other class members. She has no conflicts of interest with other class members and will vigorously prosecute this action on behalf of the other class members.

E. <u>Adequacy of Class Counsel</u>: Plaintiff is represented by counsel experienced in labor and employment and class action litigation dedicated to vigorously prosecuting this action.

15. This action has been brought and may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure and as a collective

*Vang v. Burlington Coat Factory*                    *First Amended Complaint*

action under 29 U.S.C. § 216(b). Class members are similarly situated persons and there are common questions of law and fact that predominate over any questions that solely affect individual class members. Class and collective action treatment is also superior to all other methods for fairly and efficiently adjudicating this controversy because it will allow a large number of similarly situated persons to both simultaneously and efficiently prosecute their common claims in a single forum without the needless duplication of effort and expense that numerous individual actions would entail.

16.    In addition, because the monetary amounts due to many individual class members are likely to be relatively small, both the burden and expense of individual litigation would make it difficult, if not impossible, for individual class members to seek and obtain relief. A class and collective action will also serve the important public interest of permitting class members harmed by Defendants' allegedly unlawful practices to effectively pursue recovery of the sums owed to them.

17.    Further, Plaintiff is not aware of any difficulties that are likely to be encountered in the management of this action that would preclude class and collective action treatment.

## FIRST CLAIM FOR RELIEF
## FAILURE TO PAY ALL EARNED HOURLY WAGES IN VIOLATION OF
## THE FEDERAL FAIR LABOR STANDARDS ACT
### (By Plaintiff and the FLSA Misclassification Class)

18.    Plaintiff incorporates paragraphs 1 through 17 of this Complaint as if fully alleged herein.

19.    The Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq*, applies to employees in industries engaged in interstate commerce. Because Plaintiff and the other members of the Plaintiff Class work in the mercantile industry, they are entitled to the protections of the FLSA.

11

20.     The FLSA authorizes Plaintiff to bring this action on behalf of herself and the other members of the **FLSA Misclassification Class** as an opt-in collective action on the grounds the other class members are similarly situated employees of Defendants subject to the same polices or practices that allegedly violate the FLSA.

21.     Defendants have intentionally misclassified Plaintiff as exempt from the overtime requirements of the FLSA as evidenced by the amounts of time she devotes to non-exempt work activities involving no discretion including, but not limited to, operating cash registers and inventorying merchandise and by routine variations in the amounts paid for her base weekly salary based on the quantity of work she performed, including, but not limited to, deductions from her base salary for paid holidays during weeks in which she was entitled to paid holidays in addition to her base salary pursuant to written company policies.

22.     Plaintiff is informed and believes and thereon alleges that, at relevant time during the applicable limitations period, Defendants have intentionally misclassified the other members of the **FLSA Misclassification Class** as exempt from the overtime requirements of the FLSA as evidenced by the amounts of time they devote to non-exempt work activities involving no discretion including, but not limited to, operating cash registers and inventorying merchandise, and by routine variations in their base weekly salaries based on the quantities of work they performed, performed, including, but not limited to, deductions from their base salaries for paid holidays during weeks in which they were entitled to paid holidays in addition to their base salaries pursuant to written company policies.

23.     The FLSA requires employers subject to the Act to compensate all non-exempt employees for all hours worked and for all hours worked in excess of forty hours in one week at one and one-half times their respective regular rates of pay.

24.     During her employment with Defendants as an Assistant Store

Manager, Defendants have intentionally failed to pay Plaintiff for all hours worked, including all hours worked in excess of forty hours in one week.

25.     Plaintiff is informed and believes and thereon alleges that, at relevant times during the applicable limitations period, Defendants have intentionally failed to pay the other members of the **FLSA Misclassification Class** for all hours, including all hours worked in excess of forty (40) hours in one (1) week.

26.     Plaintiff, on behalf of herself and the other members of the FLSA Misclassification Class, seeks declaratory and injunctive relief, monetary damages, liquidated damages, costs of suit, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216.

## SECOND CLAIM FOR RELIEF
### FAILURE TO PAY ALL EARNED HOURLY WAGES IN VIOLATION OF THE CALIFORNIA LABOR CODE
### (By Plaintiff, the California Misclassification Class, and the California Overtime Class)

27.     Plaintiff incorporates paragraphs 1 through 26 of the Complaint as if fully alleged herein.

28.     During her employment with Defendants as an Assistant Store Manager, Defendants have misclassified Plaintiff as an exempt employee under the California Labor Code because she is primarily engaged in non-exempt work duties and does not have a qualifying salary arrangement with Defendants as required by Industrial Welfare Commission Order No. 7-2001.

29.     Plaintiff is informed and believes and thereon alleges that, at relevant time during the applicable limitations period, Defendants have misclassified the other members of the **California Misclassification Class** as exempt employees under the California Labor Code because they are primarily engaged in non-exempt work duties and/or do not have qualifying salary arrangements with Defendants.

13

30. At all relevant times, Plaintiff and the other members of the **California Overtime Class** have been entitled to the protections of the California Labor Code, including California Labor Code §§ 204, 510, and Industrial Welfare Commission Order No. 7-2001. These protections include the rights to be timely paid all wages earned at the legally required rates for all hours worked.

31. California Labor Code § 510(a) requires employers to compensate employees at one and one-half times their regular rates of pay for:

    A.    All hours worked in excess of eight hours in one workday;

    B.    All hours worked in excess of forty hours in one workweek; and,

    C.    The first eight hours worked on a seventh consecutive workday during a workweek.

32. California Labor Code § 510(a) also requires employers to compensate non-exempt employees at two times their regular rates of pay for:

    A.    All hours worked in excess of twelve hours in one day; and,

    B.    All hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

33. During the applicable limitations period, Plaintiff has worked more than eight hours in one workday, more than forty hours in one workweek, and eight or more hours on a seventh consecutive workday without being paid for all of those hours at the rates required under California Labor Code § 510(a).

34. Plaintiff is informed and believes and thereon alleges that Defendants have maintained a policy or practice of not compensating the other members of the **California Overtime Class** at the rates required under California Labor Code § 510(a) for all hours worked in excess of eight hours in one day, all hours worked in excess of forty hours in one week, the first eight hours on a seventh consecutive workday, and all worked hours in excess of eight hours on a seventh consecutive workday.

14

35.    As a result of Defendants' conduct, Plaintiff, on behalf of herself and the other members of the **California Overtime Class**, seeks declaratory and injunctive relief, damages for unpaid overtime wages, interest thereon, costs of suit, and reasonable attorney's fees pursuant to California Labor Code § 1194(a).

### THIRD CLAIM FOR RELIEF

### PROVIDING COMPENSATING TIME OFF IN LIEU OF OVERTIME PAY

### (By Plaintiff and the California CTO Class)

36.    Plaintiff incorporates paragraphs 1 through 35 of the Complaint as if fully alleged herein.

37.    California Labor Code § 204.3 only permits employers to provide compensating time off in lieu of overtime pay under very specific conditions. The applicable conditions here are as follows:

A.    The employer and employee must enter into a written agreement before the employee performs the overtime work;

B.    The employee must request, in writing, compensating time off in lieu of overtime pay;

C.    The employer must provide the employee with one and one-half hours of compensating time off for each overtime hour worked; and,

D.    The employer must make the compensating time off payable in cash upon the request of the employee.

38.    Pursuant to a written company policy, Defendants provide members of the **California CTO Class** with one (1) "Management Recognition Day" for working a six (6) day workweek during the period between Thanksgiving and the end of December. To qualify for "Management Recognition Days," Plaintiff and the other class members must work a minimum of eight hours per day and six days per week during the payroll period. In addition, Plaintiff and the other class members only receive credit for up to five "Management Recognition Days"

*Vang v. Burlington Coat Factory*                                    *First Amended Complaint*

during this period. Moreover, the company policy expressly states, **"At no time will [an employee] be reimbursed for unused Management Recognition Days"** (emphasis in original).

39.     These days, regardless of label, are compensating time off for overtime work that do not meet the requirements set forth in California Labor Code § 204.3 and thus do not comply with the requirements for overtime pay set forth in California Labor Code § 510. Among other things, Defendants offer members of the **California CTO Class** "Management Recognition Days" as compensation for overtime work at less than one and one-half hours compensating time for each overtime hour worked, do not allow them any choice over receiving overtime pay instead, deny them of this choice without their written consent, and subject "Management Recognition Days" to a "use it or lose it policy."

40.     During the applicable limitations period, Plaintiff worked at least eight hours per day and six days per week during the period between Thanksgiving and the end of December and earned one or more "Management Recognition Days" without receiving overtime pay.

41.     Plaintiff is informed and believes and thereon alleges that other members of the **California CTO Class** worked at least eight hours per day and six days per week during the period between Thanksgiving and the end of December and earned one or more "Management Recognition Days" without receiving overtime pay.

42.     As a result of Defendants' conduct, Plaintiff, on behalf of herself and the other members of the **California CTO Class**, seeks declaratory and injunctive relief, damages for unpaid overtime wages, interest thereon, and costs of suit and reasonable attorney's fees pursuant to California Labor Code § 1194(a).

///

///

16

*Vang v. Burlington Coat Factory*                                    *First Amended Complaint*

## FOURTH CLAIM FOR RELIEF
### FORFEITURE OF VACATION PAY
**(By Plaintiff and the California Vacation Pay Class)**

43.   Plaintiff incorporates paragraphs 1 through 42 of the Complaint as if fully alleged herein.

44.   Under California Labor Code § 227.3 and applicable case law, vested paid vacation benefits and other similar forms of paid time off that earned based on labor performed are considered wages and cannot be subject to forfeiture without providing compensation for forfeited days at the applicable rates required by law.

45.   Pursuant to written company policies, members of the **California Vacation Pay Class** have earned vested paid vacation days, including, but not limited to, "Personal Holidays" and/or "Management Recognition Days," that are explicitly subject to unpaid forfeiture pursuant to written company policies if they are not used within specified time periods.

46.   During the applicable limitations period, Plaintiff has earned vested paid vacation days, including, but not limited to, "Personal Holidays" and "Management Recognition Days," without being compensated by Defendants for each vested paid vacation day.

47.   Plaintiff is informed and believes and thereon alleges that Defendants have maintained policies or practices of causing members of the **California Vacation Pay Class** to forfeit vested paid vacation days, including, but not limited to, "Personal Holidays" and/or "Management Recognition Days," without compensating them for each vested paid vacation day.

48.   As a result of the above, Plaintiff seeks declaratory and injunctive relief, damages for unpaid wages owed, interest thereon and costs of suit pursuant to California Labor Code § 218.6, and reasonable attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

17

## **FIFTH CLAIM FOR RELIEF**

### **FAILURE TO PROVIDE REST AND MEAL PERIODS**

#### **(By Plaintiff, the California Rest Period Class, and**
#### **the California Meal Period Class)**

49.     Plaintiff incorporates paragraphs 1 through 48 of the Complaint as if fully alleged herein.

50.     At all relevant times, Plaintiff and other members of the Plaintiff Class have been employees of Defendants covered by California Labor Code §§ 226.7 and 512, and Industrial Welfare Commission Order No. 7-2001.

51.     Pursuant to Industrial Welfare Commission No. 7-2001, Defendants are required to provide Plaintiff and the other members of the **California Rest Period Class** with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, during any given workday.

52.     Pursuant to California Labor Code § 226.7, Defendant is required to pay Plaintiff and the other members of the **California Rest Period Class** one (1) additional hour of wages for each rest period not provided in accordance with Industrial Welfare Commission Order No. 7-2001.

53.     During the applicable limitations period, Defendants failed to provide Plaintiff with net rest periods of at least ten (10) minutes for every four (4) hours work period, or major portion thereof, and failed to pay her the required additional wages for rest periods not provided to her.

54.     Plaintiff is informed and believes and thereon alleges that Defendants maintain a policy or practice of failing to provide other members of the **California Rest Period Class** with net rest periods of at least ten (10) minutes for every four (4) hours worked and of failing to pay them the required additional wages for rest periods not provided to them.

55.     Pursuant to California Labor Code § 512 and Industrial Welfare Commission Order 7-2001, Defendants are required to provide Plaintiff and the

other members of the **California Meal Period Class** with an uninterrupted thirty (30) minute meal period for each five (5) hour work period during any given workday.

56.     Pursuant to California Labor Code § 226.7, Defendant is required to pay Plaintiff and the other members of the **California Meal Period Class** one (1) additional hour of wages for each meal period not provided in accordance with Industrial Welfare Commission Order No. 7-2001.

57.     During the applicable limitations period, Defendants failed to provide Plaintiff with an uninterrupted thirty (30) minute meal period for each five (5) hour work period, including a second uninterrupted thirty (30) minute meal period on days she worked more than ten (10) hours, and failed to pay her the required additional wages for rest periods not provided to her.

58.     Plaintiff is informed and believes and thereon alleges that Defendants maintain a policy or practice of failing to provide other members of the **California Meal Period Class** with uninterrupted thirty (30) minute meal periods for each five (5) hour work period, including second uninterrupted thirty (30) minute meal periods on days they worked more than ten (10) hours, and failed to pay her the required additional wages for meal periods not provided to her.

59.     Plaintiff on behalf of herself and the other members of the **California Rest Period Class** and the **California Meal Period Class**, seeks declaratory and injunctive relief, damages for unpaid wages owed, interest thereon and costs of suit pursuant to California Labor Code § 218.6, and reasonable attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

**SIXTH CLAIM FOR RELIEF**

**SECRETLY PAYING LOWER WAGES THAN**

**REQUIRED BY STATUTE AND/OR CONTRACT**

**(By Plaintiff and the California All-Inclusive Class)**

60.     Plaintiff incorporates paragraphs 1 through 59 of the Complaint as if

1  fully alleged herein.

2      61.    California Labor Code § 223 states, "Where any statute or contract

3  requires an employer to maintain the designated wage scale, it shall be unlawful to

4  secretly pay a lower wage while purporting to pay the wage designated by statute

5  or by contract."

6      62.    During her employment with Defendants, Defendants have secretly

7  paid Plaintiff lower wages than required by contract or statute while purporting to

8  pay her legal wages as a result of misclassifying her as an exempt employee, not

9  paying her base wages in addition to holiday pay to which she was entitled

10  pursuant to written company policies and applicable law, not paying her overtime

11  rates for all overtime hours worked, providing her with "Management Recognition

12  Days" in lieu of overtime pay, not paying her for all vested paid vacation days,

13  and not paying her additional required wages for rest and meal periods not

14  provided to her.

15      63.    Plaintiff is informed and believes and thereon alleges that, at relevant

16  times during the limitations period, Defendants have maintained a policy or

17  practice of secretly paying lower wages to other members of the **California All-**

18  **Inclusive Class** than required by contract and/or statute while purporting to pay

19  them legal wages as a result of misclassifying them as exempt employees, not

20  paying them base wages in addition to holiday pay to which they were entitled

21  pursuant to written company policies and applicable law, not paying them

22  overtime rates for all overtime hours worked, providing them with "Management

23  Recognition Days" in lieu of overtime pay, not paying them for all vested paid

24  vacation days, and/or not paying them additional required wages for rest and/or

25  meal periods not provided to them.

26      64.    Plaintiff on behalf of herself and the other members of the **California**

27  **All-Inclusive Class**, seeks declaratory and injunctive relief, damages for unpaid

28  wages owed resulting from secret wage underpayments, interest thereon and costs

of suit pursuant to California Labor Code § 218.6, and reasonable attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

## SEVENTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE ACCURATE, WRITTEN WAGE STATEMENTS
### (By Plaintiff and the California All-Inclusive Class)

65.    Plaintiff incorporates paragraphs 1 through 64 of the Complaint as if fully alleged herein.

66.    At all relevant times, Plaintiff the other members of the **California All-Inclusive Class** have been employees of Defendants entitled to the benefits and protections of California Labor Code § 226. Pursuant to California Labor Code § 226(a), Plaintiff and the other class members were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing: a) gross wages earned; b) net wages earned; c) all applicable hourly rates in effect during the pay period; and d) the corresponding number of hours worked at each hourly rate by the employee.

67.    Defendants failed to provide Plaintiff accurate itemized statements in accordance with California Labor Code § 226(a) because Plaintiff's wage statements did not, among other things, accurately reflect all of the hours that she actually worked, the descriptions for all of the hours she actually worked, and the corresponding rates of pay for all of the hours she actually worked.

68.    Plaintiff is informed and believes and thereon alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing the other members of the **California All-Inclusive Class** wage statements did not, among other things, accurately reflect all of the hours that she actually worked, the descriptions for all of the hours she actually worked, and the corresponding rates of pay for all of the hours she actually worked.

69.    Defendants' failure to provide Plaintiff and the other members of the

**California All-Inclusive Class** with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the other class members with accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate.

70.     As a result of being provided with inaccurate wage statements by Defendants, Plaintiff and the other members of the **California All-Inclusive Class** have suffered injury. Their legal rights to receive accurate wage statements were violated and they were misled about the amount of wages they had actually earned and were owed. In addition, the absence of accurate information on their wage statements prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amounts of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

71.     Pursuant to California Labor Code § 226(e), Plaintiff and the other members of the **California All-Inclusive Class** are entitled to recover the greater of actual damages, or penalties of fifty dollars ($50) for the initial pay period in which a violation of California Labor Code § 226(a) occurred and one hundred dollars for each violation of California Labor Code § 226(a) in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per class member, and are also entitled to an award of costs and reasonable attorney's fees.

## EIGHTH CLAIM FOR RELIEF
### UNFAIR COMPETITION
### (By Plaintiff and the California All-Inclusive Class)

72.     Plaintiff incorporates paragraphs 1 through 71 of the Complaint as if fully alleged herein.

73.    The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of California Business & Professions Code §§ 17200, *et seq*.  California Business & Professions Code §§ 17200, *et seq*., protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on her own behalf and on behalf of other similarly situated persons in a class action proceeding.

74.    As a result of Defendants' violations of the California Labor Code as during the applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of being misclassified as an exempt employee, not being base wages in addition to holiday pay to which she was entitled pursuant to written company policies and/or applicable law, not being paid at legal overtime rates for all overtime hours worked, not being paid for all vested paid vacation days, not being paid additional required wages for rest and meal periods not provided to her, being provided with inaccurate written wage statements that have had the effect of concealing other wage underpayments, and secretly being paid lower wages than required by contract or statute.

75.    Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants, including being misclassified as an exempt employees, not being base wages in addition to holiday pay to which they were entitled pursuant to written company policies and/or applicable law, not being paid at overtime rates for all overtime hours worked, not being paid for all vested paid vacation days, not being paid additional required wages for rest and meal periods not provided to them, being secretly paid lower wages than required by contract or statute, and/or being provided with inaccurate written wage statements that have had the effect of concealing other wage underpayments.

76.     Due to its unfair and unlawful business practices in violation of the California Labor Code as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations to compensate employees for all earned wages and to provide them with reasonable means of verifying that they have been paid all earned wages with accurate written wage statements.

77.     Pursuant to California Business & Professions Code § 17203, Plaintiff, on behalf of herself and the other members of the **California All-Inclusive Class**, seeks declaratory and injunctive relief, and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

78.     Plaintiff and the other members of the **California All-Inclusive Class** are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## NINTH CLAIM FOR RELIEF
## CIVIL PENALTIES
### (By Plaintiff and the California Civil Penalties Class)

79.     Plaintiff incorporates paragraphs 1 through 78 of the Complaint as if fully alleged herein.

80.     During the applicable time period, Defendants violated California Labor Code §§ 204, 223, 226(a), 226.7, 227.3, 510, 512, and 1194.

81.     California Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of herself and other current or former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in California Labor Code § 2699.3.

82.     Pursuant to California Labor Code §§ 2699(a) and (f), Plaintiff and the other members of the **California Civil Penalties Class** are entitled to recover

24

civil penalties for Defendants' violations of California Labor Code §§ 200, 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, and 1194 during the applicable limitations period in the following amounts:

    A.    For violations of California Labor Code §§ 200, 226.7, 227.3, and 1194, one hundred dollars ($100.00) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation (penalty amounts established by California Labor Code § 2699(f)(2));

    B.    For violations of California Labor Code § 204, one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two hundred dollars ($200.00) for each aggrieved employee plus twenty-five percent (25%) of the amount unlawfully withheld from each aggrieved employee for each subsequent, willful or intentional violation (penalty amounts established by California Labor Code § 210);

    C.    For violations of California Labor Code § 223, one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two hundred dollars ($200.00) for each aggrieved employee plus twenty-five percent (25%) of the amount unlawfully withheld from each aggrieved employee for each subsequent, willful or intentional violation (penalty amounts established by California Labor Code § 225.5);

    D.    For violations of California Labor Code § 226(a), two hundred fifty dollars ($250.00) per employee for initial violation and one thousand dollars ($1,000.00) per employee for each subsequent violation (penalty amounts established by California Labor Code § 226.3); and,

25

E.   For violations of California Labor Code §§ 510 and 512, fifty dollars ($50.00) for each aggrieved employee for each initial violation for pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages and one hundred dollars ($100.00) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages (penalty amounts established by California Labor Code § 558).

83.   Plaintiff has complied with the procedures for bringing suit specified in California Labor Code § 2699.3. By letter dated September 11, 2009, Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. By letter dated October 23, 2009, the LWDA provided Plaintiff with written notice that it does not intend to investigate the violations of the California Labor Code alleged herein.

84.   Pursuant to California Labor Code § 2699(g), Plaintiff and the other members of the **California Civil Penalties Class** are entitled to an award of reasonable attorney's fees and costs in connection with their claims for civil penalties.

## PRAYER FOR RELIEF

85.   WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

A.   An order that the action be certified as a collective action with respect to Plaintiff's claims for violations of the FLSA;

B.   An order that the action be certified as a class action with respect to Plaintiff's claims for violations of California law;

26

1    C.    An order that Plaintiff be appointed class representative;

2    D.    An order that counsel for Plaintiff be appointed class counsel;

3    E.    Declaratory relief;

4    F.    Injunctive relief;

5    G.    Actual damages;

6    H.    Liquidated damages;

7    I.    Restitution;

8    J.    Civil penalties;

9    K.    Statutory penalties;

10    L.    Pre-judgment interest;

11    M.    Costs of suit;

12    N.    Reasonable attorney's fees; and

13    O.    Such other relief as the Court deems just and proper.

14

15    Dated:  November 16, 2009

16

17    LAW OFFICES OF SHAUN SETAREH    THE SPIVAK LAW FIRM

18

19    By:                          By:

20      SHAUN SETAREH             DAVID SPIVAK

21

22    LAW OFFICES OF LOUIS BENOWITZ

23    By:                           Attorneys for Plaintiffs,

24      LOUIS BENOWITZ           MAY VANG, and all others

25                                similarly situated

26

27

28

*Vang v. Burlington Coat Factory*                            *First Amended Complaint*